```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

---

MICHAEL EDWARD ROGERS,

       Plaintiff,

vs.                           No. 05-1318-Ml/An

WILLIE DON,

       Defendant.

---

```
           ORDER ASSESSING $250 FILING FEE
                  ORDER OF DISMISSAL
     ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                        AND
           NOTICE OF APPELLATE FILING FEE
```

---

Plaintiff Michael Edward Rogers, Tennessee Department of Correction ("TDOC") prisoner number 126750, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the Eastern Division of this district on October 20, 2005. Chief Judge James D. Todd issued an order on November 29, 2005 transferring this case to the Western Division, where venue is proper. Because the Clerk neglected to reassign the case to a Western Division judge, Judge Todd issued an order on December 22, 2005 directing the reassignment be made. The Clerk shall record the defendant Willie Don, a family nurse practitioner ("FNP") at the WTSP.

I.    Assessment of Filing Fee

        Under the Prison Litigation Reform Act of 1995 ("PLRA"),
28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay
the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1] The
in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the
prisoner the opportunity to make a "downpayment" of a partial
filing fee and pay the remainder in installments.

        In this case, the plaintiff has properly completed and
submitted both an in forma pauperis affidavit containing a
certification by the trust fund officer and a trust fund account
statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that
the plaintiff cooperate fully with prison officials in carrying out
this order. It is further ORDERED that the trust fund officer at
plaintiff's prison shall calculate a partial initial filing fee
equal to twenty percent (20%) of the greater of the average balance
in or deposits to the plaintiff's trust fund account for the six
months immediately preceding the completion of the affidavit. When
the account contains any funds, the trust fund officer shall
collect them and pay them directly to the Clerk of Court. If the
funds in plaintiff's account are insufficient to pay the full
amount of the initial partial filing fee, the prison official is
instructed to withdraw all of the funds in the plaintiff's account,
and forward them to the Clerk of Court. On each occasion that funds
are subsequently credited to plaintiff's account, the prison

---

        [1]    Effective March 7, 2005, the civil filing fee was increased to $250
from $150.

2

official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

sanctions, including a monetary fine, without any additional notice
or hearing by the Court.

The Clerk shall mail a copy of this order to the prison
official in charge of prison trust fund accounts at plaintiff's
prison. The Clerk is further ORDERED to forward a copy of this
order to the warden of the WTSP to ensure that the custodian of the
plaintiff's inmate trust account complies with that portion of the
PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue
despite the immediate dismissal of this case. 28 U.S.C. §
1915(e)(2). The Clerk shall not issue process or serve any papers
in this case.

II.  <u>Analysis of Plaintiff's Claims</u>

The factual allegations of the complaint consist, in
their entirety, of the following:

> On the above date and time, Inmate Michael Rogers signed
> up for sick call around mid-March of 2005. I was
> diagnosed of having flamatory [sic] hemroids [sic] by the
> FNP Mr. Willie Don, at the Medical Center of West
> Tennessee State Prison. He prescribed me Anusol HC-1[.]
> He also gave me, Metamucil, Bactrim, 160 mg, Ibuprofen,
> and Docusate 100 mg, Tucks, Suppositories, Hemorrhoidal
> Ointment. I have been given all of this medication, and
> I am still in severe pain with this hemorrhoid problem.
> I am signing up for sick call to report these medications
> are not working for me, yet they continue to give me more
> of the same thing.

The plaintiff seeks appropriate medical treatment and damages in
the amount of $10,000.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a)
requires a district court to dismiss a complaint without prejudice

4

whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court

to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. The plaintiff filed a grievance on June 16, 2005, which was appealed all the way to the TDOC Commissioner of Operations.[2] However, the plaintiff's grievance does not name defendant Don,  as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through

---

[2]     It is irrelevant whether the grievance was adjudicated on the merits, on the basis of the supervisor's response, or because medical issues are not grievable. Pursuant to TDOC policy, a determination that a matter is nongrievable is itself appealable, TDOC, Administrative Policies and Procedures, Index No. 501.01, ¶ VI.G (May 1, 2004), and the plaintiff pursued appealed.

'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Accordingly, the complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[3]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Plaintiff's complaint is subject to dismissal in its entirety.

The complaint does not allege a violation of the Eighth Amendment, which prohibits cruel and unusual punishment. <u>See generally</u> <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992); <u>Wilson</u>, 501 U.S. at 298; <u>Brooks v. Celeste</u>, 39 F.3d 125, 127-28 (6th Cir. 1994); <u>Hunt v. Reynolds</u>, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." <u>Farmer</u>, 511 U.S. at

---

[3]     As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

834; <u>Hudson</u>, 503 U.S. at 8; <u>Wilson</u>, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 303.

The Eighth Amendment proscription of cruel and unusual punishment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980) (quoting <u>Laaman v. Helgemoe</u>, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To establish liability under the Eighth Amendment for a claim based on failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. <u>Farmer</u>, 511 U.S. at 834; <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993); <u>Woods v. Lecureux</u>, 110 F.3d 1215, 1222 (6th Cir. 1997); <u>Street v. Corrections Corp. of Am.</u>, 102 F.3d 810, 814 (6th Cir. 1996); <u>Taylor v. Michigan Dep't of Corrections</u>, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a

8

state of mind more blameworthy than negligence." <u>Farmer</u>, 511 U.S.
at 835. Thus,

> [a] prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane conditions
> of confinement unless the official knows of and
> disregards an excessive risk to inmate health or safety;
> the official must both be aware of facts from which the
> inference could be drawn that a substantial risk of
> serious harm exists, and he must also draw the inference.
> This approach comports best with the text of the Eighth
> Amendment as our cases have interpreted it. The Eighth
> Amendment does not outlaw cruel and unusual "conditions";
> it outlaws cruel and unusual "punishments." An act or
> omission unaccompanied by knowledge of a significant risk
> of harm might well be something society wishes to
> discourage, and if harm does result society might well
> wish to assure compensation. The common law reflects such
> concerns when it imposes tort liability on a purely
> objective basis. . . . But an official's failure to
> alleviate a significant risk that he should have
> perceived but did not, while no cause for commendation,
> cannot under our cases be condemned as the infliction of
> punishment.

<u>Id.</u> at 837-38 (emphasis added; citations omitted). Thus, medical
malpractice does not become a constitutional violation merely
because the victim is a prisoner. <u>Estelle</u>, 429 U.S. at 105-06 ; <u>see
also</u> <u>Sanderfer v. Nichols</u>, 62 F.3d 151, 154 (6th Cir. 1995)
("Deliberate indifference . . . does not include negligence in
diagnosing a medical condition.").

Even if it is assumed that the plaintiff suffers from a
serious medical condition, the complaint does not establish the
subjective component of an Eighth Amendment violation. The
plaintiff was treated by the defendant, who prescribed a variety of
remedies. The plaintiff's disagreement with the treatment decisions
of defendant, a medical professional, does not convert his
contentions into Eighth Amendment claims. <u>See, e.g.</u>, <u>Hall v.</u>

Tyszkiewicz, No. 01-2106, 2002 WL 169562, at *2 (6th Cir. Jan. 30, 2002) ("Hall's disagreement with the defendants' medical judgment concerning the proper medication and medical aids for his condition does not evidence deliberate indifference."); Street v. Corrections Corp. of Am., 102 F.3d 810, 816 n.3 (6th Cir. 1996); Westlake v. Lucas, 537 F.2d 857, 860 n.4 (6th Cir. 1976). Even if it is assumed that there are more effective treatments for plaintiff's condition that those prescribed by the defendant, plaintiff has established, at most, a claim for medical malpractice, which does not constitute an Eighth Amendment violation. See supra p. 9. Finally, the complaint contains no allegation that the defendant in this action prevented the plaintiff from seeing a doctor at the prison and, therefore, any claim based on his treatment by a FNP is not properly asserted against this defendant.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in

10

good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

---

[4]     Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 31st day of January, 2006.


/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

12